**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2414-19

LEAH ANDJUAR, a minor by her
G/A/L, YOLANDA NUNEZ,

    Plaintiff-Appellant,

v.

TOWN OF WEST NEW YORK
BOARD OF EDUCATION, TOWN
OF WEST NEW YORK, and
COUNTY OF HUDSON,

    Defendants-Respondents,

_____

        Argued June 7, 2021 – Decided January 25, 2022

        Before Judges Messano and Smith.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0997-18.

        Kristofer Petrie argued the cause for appellant (Brach Eichler, LLC, attorneys; Kristofer Petrie, on the briefs).

        Courtney M. Knight argued the cause for respondent Town of West New York Board of Education (Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys; Courtney M. Knight, on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Plaintiff, Leah Andujar, by her guardian ad litem, Yolanda Nunez, appeals from a decision by the motion court granting summary judgment, dismissing her Tort Claims Act (TCA) complaint against the West New York Board of Education (Board) for injuries she sustained in a fall in the school playground. On appeal, plaintiff argues that she presented sufficient proofs to show she sustained a permanent loss of bodily function and/or disfigurement to create a genuine issue of material fact and defeat the Board's motion. For the reasons set forth below we affirm.

I.

We summarize the record. On May 24, 2017, plaintiff was a first-grade student at P.S. #5 in West New York, New Jersey. Her gym teacher, Keith Visconti, decided to take the students outside to the school playground. Visconti was the only teacher on hand in the playground to supervise plaintiff's class.[1]

---

[1] We note that the plaintiff pursued a negligent supervision theory; however, liability is not before us on appeal. We provide this brief summary of the events leading up to plaintiff's injuries for context.

At the end of the class period, Visconti signaled to the students to stop their activities and line up to go inside. Plaintiff testified that she saw the other students lining up, which meant to her that it was the end of class. She quickly went to the monkey bars and climbed onto them. When she was about three to four ladder rungs deep, another student allegedly kicked her from behind, causing her to fall.

Plaintiff was taken to the hospital, where x-rays revealed she had suffered a type-two supracondylar fracture of the right humerus with anterior interosseous nerve palsy. That same day, plaintiff underwent an open reduction internal fixation surgery of the right supracondylar humerus fracture, with the insertion of three K-wires to hold the bones in her right arm together. Plaintiff spent a week in the hospital, remained in a cast for the next month, and was on home-school instruction for the rest of the school year. On June 29, 2017, doctors removed the cast and pins from plaintiff's arm. A subsequent x-ray demonstrated the fracture was "healing properly." Plaintiff now has scars around her right elbow.

On or about March 5, 2018, plaintiff filed her complaint against the Board, as well as the Town of West New York (West New York), and Hudson County, alleging that she suffered injuries caused by their negligence. After West New

York and Hudson County were dismissed from the case, the Board filed its motion for summary judgment on November 8, 2019. Judge Vincent J. Militello heard oral argument on December 9, and he conducted a hearing on December 11 to observe the scarring on the plaintiff's right elbow. On January 7, 2020, the judge granted summary judgment for the Board after analyzing plaintiff's damages claim under N.J.S.A 59:9-2(d). In his thoughtful and comprehensive oral decision, Judge Militello made detailed findings, concluding that plaintiff's proofs did not create a genuine issue of material fact on the issues of permanent loss of bodily function or permanent disfigurement under N.J.S.A. 59:9-2(d). Plaintiff appealed.

## II.

We review the trial court's grant or denial of summary judgment de novo. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). We decide first whether there is a genuine issue of fact. Hocutt v. Minda Supply Co., 464 N.J. Super. 361, 369 (App. Div. 2020). If not, we must decide "whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014); see also DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333

A-2414-19

(App. Div. 2013) (we must "decide whether the motion court correctly interpreted the law.") (citation omitted).

Next, the court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c).  We then decide "whether the motion judge's application of the law was correct." Atl. Mut. Ins. Co. v. Hillside Bottling Co., 387 N.J. Super. 224, 231 (App. Div. 2006).  In doing so, we owe no deference to the motion judge's conclusions on issues of law, and review those de novo.  Ibid. (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

N.J.S.A. 59:9-2(d), the relevant section of the TCA, reads in pertinent part:

> No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment . . . .

"[I]n order to vault the pain and suffering threshold under the [TCA], a plaintiff must satisfy a two-pronged standard by proving (1) an objective

permanent injury, and (2) a permanent loss of a bodily function that is substantial." Gilhooley v. Cnty. of Union, 164 N.J. 533, 540-41 (2000) (citing Brooks v. Odom, 150 N.J. 395, 402-03 (1997)). "Temporary injuries, no matter how painful and debilitating, are not recoverable." Brooks, 150 N.J. at 403. In addition, plaintiff's medical expenses must exceed $3600. N.J.S.A. 59:9-2(d).

"[I]n order to be considered a permanent disfigurement, a scar must impair or injure the beauty, symmetry, or appearance of a person, rendering the bearer unsightly, misshapen or imperfect, deforming her in some manner." Soto v. Scaringelli, 189 N.J. 558, 573-74 (2007) (quoting Gilhooley, 164 N.J. at 544). "[A] number of factors should be considered, including appearance, coloration, existence and size of the scar, as well as, shape, characteristics of the surrounding skin, remnants of the healing process, and any other cosmetically important matters." Ibid. (citation omitted).

## III.

Plaintiff argues the motion court erred in finding she failed to satisfy the Brooks two-prong test. Plaintiff argues that her loss of feeling in her right index finger and right thumb and the scarring around her elbow were permanent and substantial, meeting the Brooks standard. We disagree.

The record shows Dr. Yufit diagnosed plaintiff with a "slight residual sensory deficit," describing it as a "slight decreased sensation of the tip of the right index finger and thumb." He considered the deficit "mild" and "not [requiring] further operative intervention," but also found it "likely" to be permanent. Judge Militello found plaintiff had reported "slight decreased sensation upon light tough on the tip of her index finger and thumb." The judge noted that plaintiff's pins had been removed and that her treating physician concluded she had "full motion, full motor strength and function in the right hand and upper extremity" at the time she was discharged. Noting that "subjective complaints alone are not enough to establish permanent loss of bodily function," the judge found that plaintiff's proofs "failed to meet the . . . threshold."

Next, the judge found that even if plaintiff showed permanency, viewing the evidence in the light most favorable to plaintiff, she failed to satisfy the second prong by showing a significant permanent loss of a bodily function. The judge reasoned that plaintiff's evidence presented nothing more than subjective feelings of discomfort. See Knowles v. Mantua Twp. Soccer Ass'n, 176 N.J. 324, 332 (2003) (citations omitted). We agree, and we find that plaintiff's proof of a slight sensory deficit is not a permanent loss of bodily function that is

7

substantial. "[T]he Legislature intended that a plaintiff must sustain a permanent loss of the use of a bodily function that is substantial." Brooks, 150 N.J. at 406. In Brooks, the Supreme Court reinstated the trial court's dismissal of the plaintiff's claims under N.J.S.A. 59:9-2(d) because the plaintiff could still function in both her employment and as a "homemaker."[2] Ibid. The Court reached that conclusion even though the plaintiff was still experiencing post-accident pain and had permanent restrictions of her motion in her neck and back. Ibid.

Judge Militello next considered plaintiff's scars. The judge undertook a direct examination of plaintiff, inquiring about her injuries. He observed her elbow scars, measuring the length of each scar and describing for the record its coloration in comparison to the surrounding skin. Judge Militello found three scars, the first, one-quarter inch long, with the second two scars being one-half inch each. The judge concluded the scars did not meet the standard established in Falcone v. Branker, 135 N.J. Super. 137, 144-46 (Law Div. 1975), and its

---

[2] We do not endorse the use of this term, and merely employ it in our opinion because it was an adjective the Court used to describe the plaintiff in Brooks. We note that "homemaker" is defined as "one who manages a household, especially as a spouse or a parent." See Homemaker, Merriam-Webster, https://www.merriam-webster.com/dictionary/homemaker (last visited Jan. 17, 2022).

A-2414-19

progeny. Our review of the record leads us to the same conclusion. Plaintiff's scars, given their small size and inconspicuous location, do not rise to the level of disfigurement required by law.

Given all favorable inferences, plaintiff failed to establish a permanent and substantial loss of a bodily function or permanent disfigurement under N.J.S.A. 59:9-2(d). In her chief merits brief, plaintiff attempts to distinguish our well-settled case and prevent its application to law to this record. We are not persuaded. Any arguments not addressed here lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION